JAMES M. REGAN, Plaintiff-Appellant, *v.* MARTIN J. CONROY, Chief of Police of the Village of Schaumburg, Defendant-Appellee.

First District (3rd Division)    No. 80-2392

Opinion filed August 5, 1981.

Stanley H. Jakala, of Berwyn, for appellant.

James R. Schirott, of Samelson, Knickerbocker & Schirott, of Des Plaines, for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, James W. Regan, appeals from an order of the trial court dismissing with prejudice count I of the fourth amended complaint. The complaint seeking damages charged that certain quoted remarks of defendant, Martin J. Conroy, contained in a newspaper article impaired plaintiff's good name, reputation, honesty and integrity and that he was deprived of his constitutional "liberty interest" right to a name-clearing hearing before or at the time of the press release. Contained in the court's order of dismissal was the finding that there was no just reason to delay the enforcement or appeal of its order.

On March 12, 1976, an article appeared in a newspaper attributing certain remarks to defendant, chief of police of the Village of Schaumburg, about plaintiff, then a Schaumburg policeman. The offensive language in the article is as follows:

> "The chief said the arrest of Regan climaxes a two-month investigation by police officials during which the policeman came under suspicion for theft and for trading the items with full knowledge they were stolen."

Subsequent to publication of the article, the Schaumburg Fire and Police Commission conducted a hearing and thereafter discharged plaintiff as a police officer. Also subsequent to the article, plaintiff was found not guilty of theft in criminal proceedings.

The sole issue on appeal is whether a name-clearing hearing must be conducted prior to the issuance of the stigmatizing statement.

In a case where the dismissal of a public employee is based on a charge that might seriously damage his standing and associations in the community, due process would mandate an opportunity to refute the charge, and a hearing would be required before he could be deprived of the element of his "liberty" protected by the fifth amendment prohibition against deprivation without due process. (*Board of Regents v. Roth* (1972), 408 U.S. 564, 33 L. Ed. 2d 548, 92 S. Ct. 2701.) Citing *Meyer v. Nebraska* (1923), 262 U.S. 390, 67 L. Ed. 1042, 43 S. Ct. 625, the United States Supreme Court has described the liberty interest involved as a "subspecies of the right of the individual 'to enjoy those privileges long recognized * * * as essential to the orderly pursuit of happiness by free men.'" *Arnett v. Kennedy* (1974), 416 U.S. 134, 157, 40 L. Ed. 2d 15, 35, 94 S. Ct. 1633, 1646.

In the present case, plaintiff was afforded a hearing in compliance with due process, and he does not challenge the validity or procedures of that hearing. Thus plaintiff received the required opportunity to clear his name. The mere fact that the opportunity for name-clearing occurred after the stigmatizing statement in no way taints the constitutional adequacy of the hearing. The language of the Supreme Court in *Arnett v.*

*Kennedy* is instructive on the disposition of the present issue. The court stated:

"But that liberty is not offended by dismissal from employment itself, but instead by dismissal based upon an unsupported charge which could wrongfully injure the reputation of an employee. Since the purpose of the hearing in such a case is to provide the person 'an opportunity to clear his name,' a hearing afforded by administrative appeal procedures after the actual dismissal is a sufficient compliance with the requirements of the Due Process Clause." (416 U.S. 134, 157, 40 L. Ed. 2d 15, 35, 94 S. Ct. 1633, 1646.

A name-clearing hearing conducted after the issuance of the stigmatizing statement is constitutionally adequate, and the trial court properly dismissed count I of the amended complaint.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

RIZZI, P. J., and WHITE, J., concur.